# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| John C. Bridges, a/k/a Almighty God Satan, | ) ) ) ) | **ORDER GRANTING MOTION TO DISMISS** |
| Petitioner, | ) ) | |
| vs. | ) ) | |
| Leann Bertsch, North Dakota Department of Corrections and Rehabilitation, | ) ) ) | Case No. 1:18-cv-266 |
| Respondent. | ) | |

Before the Court is Motion to Dismiss Section 2254 Petition filed by the Respondent on January 10, 2019. The Respondent seeks dismissal of this action. In the alternative, she requests additional time to file a substantive response to the Petitioner's habeas petition. For the reasons set for below, the Motion to Dismiss Section 2254 Petition is granted and the request for additional time is deemed moot.

**I. BACKGROUND**

The Petitioner was convicted in two separate North Dakota cases. He was first convicted in State Case No. 08-2012-CR-01587 of murder and kidnaping, for which the state district court imposed a sentence of life imprisonment without parole and twenty years imprisonment, respectively. He was subsequently convicted in State Case No. 08-2012-CR-02276 of attempted murder and possession of contraband by an inmate, for which the state district court imposed consecutive sentences of twenty years imprisonment. Sometime thereafter he was transferred by the North Dakota Department of Corrections to a federal correctional facility in Florence, Colorado, for service of his sentences.

1

On November 2, 2018, the Petitioner filed a petition for a writ habeas corpus pursuant to 28 U.S.C. § 2241 with United States District Court for the District of Colorado. He asserted:

> I'm a state prisoner housed in the Administrative Maximum ("ADX" federal prison at Florence, Colorado. My federal custody is under the inter-governmental (i.e., state to federal) transfer compact; the "compact" is a contractual agreement between the North Dakota Dept of Corrections (ND-DOC) and the Federal Bureau of Prisons (BOP). The compact is unlawful because ND-DOC prison officials . . . . promised to transfer me to Montana state prison if I plead guilty to attempted murder (for assaulting one of their correctional officers in 2013), and they used that conviction to transfer me to the BOP (under the compact.) They know about my history of mental illness and exploited it by offering to transfer me (to my home state) in exchange for a guilty plea. Any compact based on that conviction is unlawful and should be void (or revised); therefore my present physical custody in the BOP is unlawful.
> 
> ***
> 
> I want to withdraw my guilty plea (for attempted murder) because prison officials lied to me, and used my conviction to send me to the ADX (despite the fact that the officer I assaulted only received superficial wounds and wasn't hurt; also I served my seg. time for the assault in North Dakota before they sent me here). Additionally, I request for a federal judge to review the compact and determine its legality (given the information I provided in this petition).

(Doc. No. 1).

On December 13, 2018, the district court in Colorado issued an order dismissing the Petitioner's civil rights claims, reminding the Petitioner that he did not have a constitutional right to be confined to any particular correctional facility, and transferring the Petitioner's claim challenging the validity of his conviction in State Case No. 08-2012-CR-02276 to this Court. (Doc. No. 7).

On December 17, 2018, the Clerk's office sent notice to the parties that this matter had been directly assigned to the Magistrate Judge and requested that they complete and return an enclosed Consent/Reassignment form. (Doc. No. 9).

On December 28, 2018, the Court issued orders granting the Petitioner leave to proceed in forma pauperis, substituting Director Bertsch in place of the United States as the named respondent, and directing the Clerk's office to serve her with a copy of the Petitioner's habeas petition. (Doc. Nos. 10 and 11).

On January 7, 2019, the Petitioner filed notice of his consent to the Magistrate Judge's exercise of jurisdiction. On January 8, 2019, he filed a motion for leave to attach a two-page "annex" to his petition. The Court granted his motion and directed the Clerk's office to attach the "annex" to the petition and refile it as an amended petition. (Doc. Nos. 17 and 18).

Meanwhile, on January 11 and 14, 2019, the Respondent filed a Motion to Dismiss and supplement to the motion, respectively. (Doc. Nos 15 and 19). She avers that the petition is untimely. Alternatively, she asserts that the Petitioner has failed to exhaust his state court remedies as required by 28 U.S.C. § 2254(b)(1). On February 1, 2019, she filed consent to the Magistrate Judge's exercise of jurisdiction.

More than 21 days has now lapsed since the Respondent filed her supplement to the Motion to Dismiss and the Petitioner has yet to file a response. See D.N.D. Civ. L.R. 7.1(A)(1) ("The adverse party has twenty-one (21) days after service of the memorandum in support to serve and file a response subject to the same page limitations."). The Petitioner's silence may be deemed an admission that the motion is well taken. See D.N.D. Civ. L.R. 7.1(F) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken.").

## II. GOVERNING LAW

### A. Application of § 2254

Although styled as § 2241 petition, this Court construes petitioner's pleading as a § 2254 petition. Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001) (recognizing that, as a practical matter, individuals in custody pursuant to a State court judgment can only obtain habeas relief through § 2254); see e.g., Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003) ("[A] state prisoner seeking post-conviction relief from a federal court has but one remedy: an application for a writ of habeas corpus. All applications for writs of habeas corpus are governed by § 2241, which generally authorizes federal courts to grant the writ—to both federal and state prisoners. Most state prisoners' applications for writs of habeas corpus are subject also to the additional restrictions of § 2254. That is, if a state prisoner is "in custody pursuant to the judgment of a State court," his petition is subject to § 2254. If, however, a prisoner is in prison pursuant to something other than a judgment of a state court, e.g., a pre-trial bond order, then his petition is not subject to § 2254."); Cook v. New York State Div. of Parole, 321 F.3d 274, 277 (2d Cir. 2003) ("The fact that [the prisoner] invoked section 2241 did not, however, require the district court to treat it as a section 2241 petition. On the contrary, if an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application instead. It is the substance of the petition, rather than its form, that governs." (internal citations and quotation marks omitted)). Although the Petitioner is being housed in a federal facility, he is in custody pursuant the judgment of a North Dakota district court. And it is this judgment with which he takes issue. Thus, § 2254 is the appropriate vehicle for his claims. See Crouch v. Norris, 251 F.3d at 72

## B. Scope of Review

Under 28 U.S.C. § 2254, a federal court may review state-court criminal proceedings to determine whether a person is being held in custody in violation of the United States Constitution or other federal law. However, where the state court has adjudicated the federal claim on the merits, this court's review is limited by 28 U.S.C. § 2254(d) to a determination of whether the state court's decision is (1) directly contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court, or (2) based on an unreasonable determination of the facts based on the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d); see generally Harrington v. Richter, 562 U.S. 86, 97-100 (2011) ("Richter"); Williams v. Taylor, 529 U.S. 362, 399-413 (2000). This highly deferential standard of review is often referred to as "AEDPA deference" because it was enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). E.g., Pederson v. Fabian, 491 F.3d 816, 824-25 (8th Cir. 2007); see generally Renico v. Lett, 559 U.S. 766, 773 n.1 (2010). The reasons for the limited review are ones of federalism and comity that arise as a consequence of the state courts having primary responsibility for ensuring compliance with federal law in state criminal proceedings. See, e.g., Richter, 562 U.S. at 103.

## C. Statute of Limitations

A habeas petition must be filed in a timely manner. Title 28 U.S.C. § 2244(d)(1), enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), imposes a one-year time limit for filing a habeas corpus petition. This one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The one-year period does not run during pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." 28 U.S.C. § 2244(d)(2). A tardy state post-conviction application does not constitute "a properly filed application" within the meaning of § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (concluding, "[b]ecause the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); see also Allen v. Siebert, 552 U.S. 3, 4-5 (2007) (concluding "[b]ecause Siebert's petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not 'properly filed' under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1–year statute of limitations.")

### D. Exhaustion Requirements

The exhaustion doctrine codified at 28 U.S.C. § 2254(b)-(c) precludes granting habeas relief for claims that have not been properly exhausted in the state courts. E.g., Rhines v. Weber, 544 U.S. 269, 274 (2005); Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001). Proper exhaustion has two components. First, the claim must be "fairly presented," which requires that the petitioner present both the factual and legal premises for the claim, with the latter being satisfied if there is a reference to the particular federal constitutional right or a citation to a state or federal case that raises the constitutional issue. Dansby v. Norris, 682 F.3d 711, 722-23 (8th Cir. 2012), vacated

on other grounds, Dansby v. Hobbs, No. 12-8582, 2013 WL 506561 (U.S. June 3, 2013); Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007). Second, the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

In addition, there are three other aspects of the exhaustion doctrine that are important. The first is that the exhaustion doctrine is satisfied if there are no state-court remedies available and exhaustion would be futile, such as when the claim has been procedurally defaulted at the state-court level. E.g., Armstrong v. Iowa, 418 F.3d 924, 926-27 (8th Cir. 2005). The second is that Rose v. Lundy, 455 U.S. 509 (1982), prohibits a petitioner from proceeding with a "mixed petition" of exhausted and unexhausted claims. See also Rhines v. Weber, 544 U.S. at 273-74. The third is that § 2254(b)(2) authorizes the court to deny a claim on the merits notwithstanding a failure to exhaust. E.g., Gringas v. Weber, 543 F.3d 1001, 1003 (8th Cir. 2008).

### III. DISCUSSION

#### A. Timeliness of Petition

As noted above AEDPA requires a state prisoner to file his 28 U.S.C. § 2254 petition within one year after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires." Id. at 137.

The criminal judgment in State Case 08-2012-CR-02276 was filed on December 12, 2013. (Doc. No. 23). Under the North Dakota Rules of Appellate Procedure, the Petitioner had thirty days in which to file a direct appeal of his conviction with the North Dakota Supreme Court. N.D. R. App. P. Rule 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed with

7

the clerk of the supreme court within 30 days after the entry of the judgment or order being appealed."). As the Petitioner did not file a direct appeal, the criminal judgment became final for purposes of AEDPA and his one-year window in which to file a § 2254 petition commenced on or about January 13, 2014. See 28 U.S.C. § 2244(d)(1)(A) (stating in relevant part that the one-year period began to run upon expiration of the time for seeking direct review). Cf. In re Jose Carlos Belmont, No. SA–15–MC–856–OG, 2015 WL 12748173, at * 2 (W.D. Tx. Oct. 8, 2015) (citing Mark v. Thaler, 646 F.3d 191 (5th Cir. 2011), for the proposition that, when a "state criminal defendant chose not to file an appeal from his conviction, his conviction becomes final for purposes of the AEDPA's one-year limitations period thirty days from the date of his sentencing."). His deadline for filing a § 2254 petition lapsed on or about January 11, 2015.

More than forty-five months later, on November 2, 2018, the Petitioner filed a habeas petition with the district court in Colorado. As the Petitioner's deadline for petitioning this court for habeas corpus relief lapsed well before he initiated this action, his petition is time-barred under AEDPA.

### B.    Failure to Exhaust

Even if Petitioner's habeas petition were timely, it would still be subject to dismissal for failure to exhaust.

As noted above, exhaustion of state remedies is a threshold issue to be resolved before a federal court considers the merits of a 28 U.S.C. § 2254 petition. Day v. McDonough, 547 U.S. 198, 205 (2006). The Register of Actions in State Case No. 08-2012-CR-01587 evinces that the Petitioner did not directly appeal the judgment of conviction and has neither filed an application for post-conviction relief with the state court or otherwise petitioned the state court for habeas

relief. (Doc. No. 16-`). Thus, it is abundantly clear that he did exhaust his available state court remedies prior to initiating the above-entitled action

## IV. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. When the court has rejected a petitioner's claim on the merits, the substantial showing required is that the "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)); see also, United States v. Lambros, 404 F.3d 1034, 1036-37 (8th Cir. 2005); Garrett v. United States, 211 F.3d 1075, 1076-77 (8th Cir. 2000). When the court denies a petitioner's claim on procedural grounds without reaching the merits, the petitioner must demonstrate that reasonable jurists would find it debatable that a valid claim for the denial of constitutional rights has been stated and that reasonable jurists would find it debatable that the district court was correct in its procedural ruling. Slack, 529 U.S. at 484.

In this case, reasonable jurists would not find debatable disposition of the claims, whether on the merits or on procedural grounds. Consequently, no a certificate of appealability shall be issued.

## V. CONCLUSION

The Respondent's request for additional time to file a substantive response to the Petitioner's habeas petition is deemed **MOOT**. The Respondent's Motion to Dismiss 2254 Petition (Doc. No. 15) is **GRANTED** and the Petitioner's habeas petition and amended habeas petition (Doc. Nos. 1 and 18) are **DENIED WITH PREJUDICE**. The court will not issue a certificate of appealability

**IT IS SO ORDERED**.

Dated this 4th day of March, 2019.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court